No. 52464.—Best & Co. v. United States, protest 137045–K (New York).

Opinion by Tilson, J. It was stipulated that the merchandise is the same in all material respects as the gloves which were the subject of *United States* v. *Julius Kayser & Co.* (33 C. C. P. A. 179, C. A. D. 333). The claim at 50 percent ad valorem under paragraph 915, plus any additional duty applicable under paragraph 924, was therefore sustained.

No. 52465.—John Zimmermann Co. v. United States, protest 9873–K (New York).

Opinion by Tilson, J. In accordance with stipulation of counsel that certain items of the merchandise consist of hemp hats and hat bodies similar in all material respects to those passed upon in Abstract 46497, the claim of the plaintiff was sustained.

No. 52466.—E. M. Poons Co. of Kobe, Inc., et al. v. United States, protests 980579–G, etc. (New York).

Opinion by Tilson, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Before the Third Division, July 16, 1948

No. 52467.—Toa Kigyo Corp. et al. v. United States, protests 865869–G, etc. (New York).

Opinion by Cline, J. When the case was called for trial the attorney for the plaintiff stated that the corporate plaintiff, Toa Kigyo Corp., was a New York corporation; that the officers and directors were Japanese citizens; that he did not have any power to dispose of the cases, but that he had examined the protests with counsel for the Government and he found no merit in any of them. Counsel for the Government stated that the Alien Property Custodian had made no vesting order because the plaintiff itself was a New York corporation. An examination of the official records disclosing nothing to warrant disturbing the decision of the collector, the protests were overruled.